IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WEAVER'S COVE ENERGY, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case: 1:07-cv-01525 (RBW) |
| | ) |
| THE UNITED STATES OF AMERICA, | ) |
| DEPARTMENT OF THE INTERIOR; | ) |
| UNITED STATES FISH AND WILDLIFE | ) |
| SERVICE; | ) |
| UNITED STATES NATIONAL PARK | ) |
| SERVICE, | ) |
| | ) |
| Defendants. | ) |

# DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR JUDGMENT AND RELIEF PURSUANT TO THE DECLARATORY JUDGMENT ACT AND THE ADMINISTRATIVE PROCEDURE ACT

Answering specifically the numbered paragraphs of plaintiff's Complaint for Judgment and Relief Pursuant to the Declaratory Judgment Act and the Administrative Procedure Act, federal defendants ("Interior") hereby admit, deny, and allege as follows:

1. Because the allegations in paragraph 1 attempt to paraphrase plaintiff's subjective intentions in commencing this lawsuit, Interior has insufficient knowledge or information to form a belief as to the truth or falsity of those allegations.

2. Interior admits the allegations in the first sentence and denies the remaining allegations in paragraph 2.

3. Federal defendants admit that FERC approved the Weaver's Cove LNG project under Section 3 of the Natural Gas Act on July 15, 2005 in Docket No. CP04-34, subject to certain regulatory conditions, and deny the remaining allegations in paragraph 3. Interior also avers that these regulatory conditions have not yet been met.

4. Because the allegations in paragraph 4 constitute plaintiff's subjective intentions and goals in commencing this lawsuit, Interior has insufficient knowledge or information to form a belief as to the truth or falsity of those allegations.

5. Federal defendants deny the allegations in the first sentence. To the extent that the remaining allegations in paragraph 5 purport to construe or quote language from documents in the administrative record, including the text of Federal Energy Regulatory Commission ("FERC") permits, orders, correspondence, or other papers, Interior respectfully refers the Court to the language of those documents for a true statement of their contents. To the extent that plaintiff's allegations are inconsistent with this language, federal defendants deny them.

6. Federal defendants deny the allegations in the first sentence. To the extent that the remaining allegations in paragraph 6 purport to construe or quote language from documents in the administrative record, including the text of U.S. Army Corps of Engineers ("COE") permits, orders, correspondence, or other papers, Interior respectfully refers the Court to the language of those documents for a true statement of their contents. To the extent that plaintiff's allegations are inconsistent with this language, federal defendants deny them.

7. Federal defendants deny the allegations in the second sentence. To the

extent that the remaining allegations in paragraph 7 purport to construe or quote language from documents in the administrative record, including Interior orders, correspondence, or other papers, federal defendants respectfully refer the Court to the language of those documents for a true statement of their contents. To the extent that plaintiff's allegations are inconsistent with this language, Interior denies them.

      8. Paragraph 8 is denied.

      9. Federal defendants have insufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 9.

      10. Paragraph 10 is admitted.

      11. Paragraph 11 is admitted.

      12. Paragraph 12 is admitted.

      13. Paragraph 13 is denied.

      14. Paragraph 14 is denied.

      15. Paragraph 15 is denied.

      16. Because the allegations in the first sentence are legal conclusions, they require no response. Interior denies the remaining allegations in paragraph 16.

      17. Because the allegations in paragraph 17 are legal conclusions, they require no response. To the extent that plaintiff purports to construe or quote language from a federal statute, federal defendants respectfully refer the Court to the language of that statute for a true statement of its contents. To the extent that plaintiff's allegations are inconsistent with this language, Interior denies them.

18. Because the allegations in paragraph 18 are legal conclusions, they require no response. To the extent that plaintiff purports to construe or quote language from a federal statute, federal defendants respectfully refer the Court to the language of that statute for a true statement of its contents. To the extent that plaintiff's allegations are inconsistent with this language, Interior denies them.

19. Paragraph 19 is denied.

20. Because the allegations in paragraph 20 are legal conclusions, they require no response. To the extent that plaintiff purports to construe or quote language from a federal statute, federal defendants respectfully refer the Court to the language of that statute for a true statement of its contents. To the extent that plaintiff's allegations are inconsistent with this language, Interior denies them.

21. Because the allegations in paragraph 21 are legal conclusions, they require no response. To the extent that plaintiff purports to construe or quote language from a federal statute, federal defendants respectfully refer the Court to the language of that statute for a true statement of its contents. To the extent that plaintiff's allegations are inconsistent with this language, Interior denies them.

22. Because the allegations in paragraph 22 are legal conclusions, they require no response. To the extent that plaintiff purports to construe or quote language from a federal statute, federal defendants respectfully refer the Court to the language of that statute for a true statement of its contents. To the extent that plaintiff's allegations are inconsistent with this language, Interior denies them.

23. Because the allegations in paragraph 23 are legal conclusions, they require no response. To the extent that plaintiff purports to construe or quote language from a federal statute, federal defendants respectfully refer the Court to the language of that statute for a true statement of its contents. To the extent that plaintiff's allegations are inconsistent with this language, Interior denies them.

24. Because the allegations in the first sentence are legal conclusions, they require no response. To the extent that plaintiff purports to construe or quote language from a federal statute, federal defendants respectfully refer the Court to the language of that statute for a true statement of its contents. To the extent that plaintiff's allegations are inconsistent with this language, Interior denies them. Interior denies the remaining allegations in paragraph 24, except to admit that the allegations in the second sentence constitute plaintiff's attempt to abbreviate its description of a particular geographical area.

25. Because the allegations in paragraph 25 are legal conclusions, they require no response. To the extent that plaintiff purports to construe or quote language from a federal statute, federal defendants respectfully refer the Court to the language of that statute for a true statement of its contents. To the extent that plaintiff's allegations are inconsistent with this language, Interior denies them.

26. Because the allegations in paragraph 26 are legal conclusions, they require no response. To the extent that plaintiff purports to construe or quote language from a federal statute, federal defendants respectfully refer the Court to the language of that statute for a true statement of its contents. To the extent that plaintiff's allegations are inconsistent

with this language, Interior denies them.

27. Paragraph 27 is denied.

28. Because of plaintiff's failure to provide precise definitions for the phrase "some of the qualities of a wild and scenic river," Interior has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 28.

29. Federal defendants (a) admit that the Secretary of the Interior has not submitted a report on the Taunton River to the President and (b) deny that the Secretary of the Interior has not submitted any report of his recommendations and proposals regarding the Taunton River to Congress. Because the remaining allegations in paragraph 29 are legal conclusions, they require no response.

30. Federal defendants have insufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 30.

31. Federal defendants have insufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 31.

32. To the extent that the allegations in paragraph 32 purport to construe or quote language from documents in the administrative record, including the text of Federal Energy Regulatory Commission ("FERC") permits, orders, correspondence, or other papers, Interior respectfully refers the Court to the language of those documents for a true statement of their contents. To the extent that plaintiff's allegations are inconsistent with this language, federal defendants deny them.

33. To the extent that the allegations in paragraph 33 purport to construe or

quote language from documents in the administrative record, including the text of FERC permits, orders, correspondence, or other papers, Interior respectfully refers the Court to the language of those documents for a true statement of their contents. To the extent that plaintiff's allegations are inconsistent with this language, federal defendants deny them.

      34. To the extent that the allegations in paragraph 34 purport to construe or quote language from documents in the administrative record, including the text of FERC permits, orders, correspondence, or other papers, Interior respectfully refers the Court to the language of those documents for a true statement of their contents. To the extent that plaintiff's allegations are inconsistent with this language, federal defendants deny them.

      35. To the extent that the allegations in paragraph 35 purport to construe or quote language from documents in the administrative record, including the text of FERC permits, orders, correspondence, or other papers, Interior respectfully refers the Court to the language of those documents for a true statement of their contents. To the extent that plaintiff's allegations are inconsistent with this language, federal defendants deny them.

      36. Paragraph 36 is denied.

      37. Federal defendants admit that FERC issued an Order Granting Authority Under Section 3 of the Natural Gas Act and Issuing Certificate, 112 FERC ¶ 61,070 (Jul. 15, 2006) and an Order on Rehearing, 114 FERC ¶ 61,058 (Jan. 23, 2006), subject to certain regulatory conditions. Otherwise, to the extent that the allegations in paragraph 37 purport to construe or quote language from documents in the administrative record, including the text of FERC permits, orders, correspondence, or other papers, Interior respectfully refers the

Court to the language of those documents for a true statement of their contents. To the extent that plaintiff's allegations are inconsistent with this language, federal defendants deny them.

38. Federal defendants admit that FERC issued an Order Granting Authority Under Section 3 of the Natural Gas Act and Issuing Certificate, 112 FERC ¶ 61,070 (Jul. 15, 2006) and an Order on Rehearing, 114 FERC ¶ 61,058 (Jan. 23, 2006), subject to certain regulatory conditions. Otherwise, to the extent that the allegations in paragraph 38 purport to construe or quote language from documents in the administrative record, including the text of FERC permits, orders, correspondence, or other papers, Interior respectfully refers the Court to the language of those documents for a true statement of their contents. To the extent that plaintiff's allegations are inconsistent with this language, federal defendants deny them.

39. Federal defendants admit that plaintiff applied for permits from the COE. Otherwise, to the extent that the allegations in paragraph 39 purport to construe or quote language from documents in the administrative record, including the text of COE permits, orders, correspondence, or other papers, Interior respectfully refers the Court to the language of those documents for a true statement of their contents. To the extent that plaintiff's allegations are inconsistent with this language, federal defendants deny them.

40. Federal defendants admit that plaintiff applied for permits from the COE. Otherwise, to the extent that the allegations in paragraph 40 purport to construe or quote language from documents in the administrative record, including the text of COE permits, orders, correspondence, or other papers, Interior respectfully refers the Court to the language of those documents for a true statement of their contents. To the extent that plaintiff's

allegations are inconsistent with this language, federal defendants deny them.

41. Because the allegations in paragraph 41 are legal conclusions, they require no response. To the extent that plaintiff purports to construe or quote language from a federal statute, federal defendants respectfully refer the Court to the language of that statute for a true statement of its contents. To the extent that plaintiff's allegations are inconsistent with this language, Interior denies them.

42. Paragraph 42 is denied.

43. Federal defendants admit that the Department of the Interior sent a comment letter to FERC dated September 17, 2004. Otherwise, to the extent that the remaining allegations in paragraph 43 purport to construe or quote language from documents in the administrative record, including Interior orders, correspondence, or other papers, federal defendants respectfully refer the Court to the language of those documents for a true statement of their contents. To the extent that plaintiff's allegations are inconsistent with this language, Interior denies them.

44. Paragraph 44 is denied.

45. Federal defendants admit that the Department of the Interior sent a comment letter to FERC dated July 5, 2005. Otherwise, to the extent that the remaining allegations in paragraph 45 purport to construe or quote language from documents in the administrative record, including Interior orders, correspondence, or other papers, federal defendants respectfully refer the Court to the language of those documents for a true statement of their contents. To the extent that plaintiff's allegations are inconsistent with this

language, Interior denies them.

46.  Federal defendants admit that the Department of the Interior sent a comment letter to FERC dated July 5, 2005.  Otherwise, to the extent that the remaining allegations in paragraph 46 purport to construe or quote language from documents in the administrative record, including Interior orders, correspondence, or other papers, federal defendants respectfully refer the Court to the language of those documents for a true statement of their contents.  To the extent that plaintiff's allegations are inconsistent with this language, Interior denies them.

47.  Paragraph 47 is denied.

48.  Federal defendants admit that the Department of the Interior sent a comment letter to FERC dated July 5, 2005.  Otherwise, to the extent that the remaining allegations in paragraph 48 purport to construe or quote language from documents in the administrative record, including Interior orders, correspondence, or other papers, federal defendants respectfully refer the Court to the language of those documents for a true statement of their contents.  To the extent that plaintiff's allegations are inconsistent with this language, Interior denies them.

49.  Paragraph 49 is denied.

50.  Paragraph 50 is denied.

51.  Paragraph 51 is denied.

52.  To the extent that the allegations in paragraph 52 purport to construe or quote language from documents in the administrative record, including the text of FERC

permits, orders, correspondence, or other papers, Interior respectfully refers the Court to the language of those documents for a true statement of their contents. To the extent that plaintiff's allegations are inconsistent with this language, federal defendants deny them.

53. To the extent that the allegations in paragraph 53 purport to construe or quote language from documents in the administrative record, including the text of FERC permits, orders, correspondence, or other papers, Interior respectfully refers the Court to the language of those documents for a true statement of their contents. To the extent that plaintiff's allegations are inconsistent with this language, federal defendants deny them.

54. Federal defendants admit that the Fish and Wildlife Service (FWS) sent a comment letter dated September 22, 2004 to the COE on behalf of the Department of the Interior. Otherwise, to the extent that the remaining allegations in paragraph 54 purport to construe or quote language from documents in the administrative record, including FWS correspondence or other papers, federal defendants respectfully refer the Court to the language of those documents for a true statement of their contents. To the extent that plaintiff's allegations are inconsistent with this language, Interior denies them.

55. Paragraph 55 is denied.

56. Paragraph 56 is denied.

57. Federal defendants admit that the Fish and Wildlife Service (FWS) sent a comment letter dated February 7, 2006 to the COE on behalf of the Department of the Interior. Otherwise, to the extent that the allegations in paragraph 57 purport to construe or quote language from documents in the administrative record, including FWS correspondence

or other papers, federal defendants respectfully refer the Court to the language of those documents for a true statement of their contents. To the extent that plaintiff's allegations are inconsistent with this language, Interior denies them.

58. Federal defendants admit that FWS sent a comment letter dated February 7, 2006 to the COE on behalf of the Department of the Interior. Otherwise, to the extent that the allegations in paragraph 58 purport to construe or quote language from documents in the administrative record, including FWS correspondence or other papers, federal defendants respectfully refer the Court to the language of those documents for a true statement of their contents. To the extent that plaintiff's allegations are inconsistent with this language, Interior denies them.

59. Federal defendants admit that FWS sent a comment letter dated February 7, 2006 to the COE on behalf of the Department of the Interior. Otherwise, to the extent that the allegations in paragraph 59 purport to construe or quote language from documents in the administrative record, including FWS correspondence or other papers, federal defendants respectfully refer the Court to the language of those documents for a true statement of their contents. To the extent that plaintiff's allegations are inconsistent with this language, Interior denies them.

60. Federal defendants admit that the recommended time-of-year dredging restrictions would allow dredging during the period between November 1 and January 14 and have insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 60.

61. Paragraph 61 is denied.

62. Paragraph 62 is denied.

63. Paragraph 63 is denied.

64. Paragraph 64 is denied.

65. Paragraph 65 is denied.

66. Paragraph 66 is denied.

67. Paragraph 67 requires no response, but federal defendants incorporate all previous answers by reference.

68. Paragraph 68 is denied.

69. Because the allegations in paragraph 69 are legal conclusions, they require no response. To the extent that plaintiff purports to construe or quote language from a federal statute, federal defendants respectfully refer the Court to the language of that statute for a true statement of its contents. To the extent that plaintiff's allegations are inconsistent with this language, Interior denies them.

70. Because the allegations in paragraph 70 are legal conclusions, they require no response. To the extent that plaintiff purports to construe or quote language from a federal statute, federal defendants respectfully refer the Court to the language of that statute for a true statement of its contents. To the extent that plaintiff's allegations are inconsistent with this language, Interior denies them.

71. Interior denies that there are regulations promulgated by it that implement the WSRA. Because the remaining allegations in paragraph 71 are legal conclusions, they

require no response. To the extent that plaintiff purports to construe or quote language from a federal statute or a writing in the administrative record, federal defendants respectfully refer the Court to the language of that statute or writing for a true statement of its contents. To the extent that plaintiff's allegations are inconsistent with this language, Interior denies them

72. Interior denies that there are regulations promulgated by it that implement the WSRA. Because the remaining allegations in paragraph 72 are legal conclusions, they require no response. To the extent that plaintiff purports to construe or quote language from a federal statute or a writing in the administrative record, federal defendants respectfully refer the Court to the language of that statute or writing for a true statement of its contents. To the extent that plaintiff's allegations are inconsistent with this language, Interior denies them

73. Paragraph 73 is denied.

74. Paragraph 74 is denied.

75. Federal defendants deny the allegations in paragraph 75, except that plaintiff's description of its litigation goals and requested remedies constitutes characterization and argument not requiring a response.

76. Paragraph 76 is denied.

77. Paragraph 77 requires no response, but federal defendants incorporate all previous answers by reference.

78. Because the allegations in paragraph 78 are legal conclusions, they require no response. To the extent that plaintiff purports to construe or quote language from a federal statute, federal defendants respectfully refer the Court to the language of that statute

for a true statement of its contents. To the extent that plaintiff's allegations are inconsistent with this language, Interior denies them.

  79. Because the allegations in paragraph 79 are legal conclusions, they require no response. To the extent that plaintiff purports to construe or quote language from a federal statute, federal defendants respectfully refer the Court to the language of that statute for a true statement of its contents. To the extent that plaintiff's allegations are inconsistent with this language, Interior denies them.

  80. Because the allegations in paragraph 80 are legal conclusions, they require no response. To the extent that plaintiff purports to construe or quote language from a federal statute, federal defendants respectfully refer the Court to the language of that statute for a true statement of its contents. To the extent that plaintiff's allegations are inconsistent with this language, Interior denies them.

  81. Because the allegations in paragraph 81 are legal conclusions, they require no response. To the extent that plaintiff purports to construe or quote language from a federal statute, federal defendants respectfully refer the Court to the language of that statute for a true statement of its contents. To the extent that plaintiff's allegations are inconsistent with this language, Interior denies them.

  82. Because the allegations in paragraph 82 are legal conclusions, they require no response. To the extent that plaintiff purports to construe or quote language from a federal statute, federal defendants respectfully refer the Court to the language of that statute for a true statement of its contents. To the extent that plaintiff's allegations are inconsistent

with this language, Interior denies them.

83. Federal defendants admit that there is no report from the President currently under consideration in the Congress regarding the inclusion of the Taunton River in the National Wild and Scenic Rivers System. Because the remaining allegations in paragraph 83 are legal conclusions, they require no response. To the extent that plaintiff purports to construe or quote language from a federal statute or a writing in the administrative record, federal defendants respectfully refer the Court to the language of that statute or writing for a true statement of its contents. To the extent that plaintiff's allegations are inconsistent with this language, Interior denies them

84. Paragraph 84 is denied.

85. Federal defendants deny the allegations in paragraph 85, except that plaintiff's description of its litigation goals and requested remedies constitutes characterization and argument not requiring a response.

86. Paragraph 86 is denied.

87. Paragraph 87 is denied.

88. Paragraph 88 is denied.

89. Paragraph 89 requires no response, but federal defendants incorporate all previous answers by reference.

90. Because the allegations in paragraph 90 are legal conclusions, they require no response. To the extent that plaintiff purports to construe or quote language from a federal statute, federal defendants respectfully refer the Court to the language of that statute

for a true statement of its contents. To the extent that plaintiff's allegations are inconsistent with this language, Interior denies them.

91. To the extent that the remaining allegations in paragraph 91 purport to construe or quote language from documents in the administrative record, including Interior orders, correspondence, or other papers, federal defendants respectfully refer the Court to the language of those documents for a true statement of their contents. To the extent that plaintiff's allegations are inconsistent with this language, Interior denies them.

92. Because the allegations in paragraph 92 are legal conclusions, they require no response. To the extent that plaintiff purports to construe or quote language from a federal statute, federal defendants respectfully refer the Court to the language of that statute for a true statement of its contents. To the extent that plaintiff's allegations are inconsistent with this language, Interior denies them.

93. To the extent that the remaining allegations in paragraph 93 purport to construe or quote language from documents in the administrative record, including Interior orders, correspondence, or other papers, federal defendants respectfully refer the Court to the language of those documents for a true statement of their contents. To the extent that plaintiff's allegations are inconsistent with this language, Interior denies them.

94. Paragraph 94 is denied.

95. Paragraph 95 requires no response, but federal defendants incorporate all previous answers by reference.

96. Because the allegations in paragraph 96 are legal conclusions, they

require no response.

      97.  Paragraph 97 is denied.

      98.  Paragraph 98 is denied.

      99.  Paragraph 99 is denied.

      100.  Federal defendants specifically deny each allegation of the complaint which they did not expressly admit.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Because plaintiff's claims are not ripe under the Constitution, this Court lacks subject matter jurisdiction.

WHEREFORE, federal defendants respectfully pray the Court:

  1.  For an order dismissing plaintiff's complaint.

  2.  For such other and further relief, including costs and attorney fees, as is deemed just and proper by this Court.

Respectfully submitted,

GREGORY D. PAGE, DC Bar 398121
U.S. Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-0446
Attorneys for the Federal Defendants

## CERTIFICATE OF SERVICE

I certify that true and correct copies of the foregoing were served on 26 October 2007 by electronic filing to :

>Jeffrey M. Bauer
>Adam J. White
>Baker Botts L.L.P.
>1299 Pennsylvania Avenue, N.W.
>Washington, D.C. 20004-2400

_____
Gregory D. Page