UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WEAVER'S COVE ENERGY, LLC </br></br>Plaintiff, </br></br>v. </br></br>UNITED STATES DEPT. OF INTERIOR, *et al.* </br></br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) </br></br>Civil Action No. 07-cv-1525(RBW) |

**JOINT STATEMENT OF CASE AND CAUSES OF ACTION**

The Parties hereby supplement their Joint Meet and Confer Report, filed on January 10, 2008 as follows. Plaintiff Weaver's Cove Energy, LLC ("Weaver's Cove") sues under the Administrative Procedure Act, 5 U.S.C. §§ 701-706, and the Declaratory Judgment Act, 28 U.S.C. § 2201. Each party has summarized the facts and laws relevant to its theory of the case, as follows. Plaintiffs contend that their lawsuit challenges two determinations made by the U.S. Department of the Interior ("DOI") (in particular the National Park Service), pursuant to the Wild and Scenic Rivers Act, 16 U.S.C. § 1271 *et seq.* ("WSRA"). The challenged determinations are a July 5, 2005 letter to the Federal Energy Regulatory Commission (the "FERC") and a February 7, 2006 letter to the U.S. Army Corps of Engineers ("USACE") Weaver's Cove contends that those letters are final agency actions because their terms have caused the FERC to condition its project approval and have caused the USACE to cease processing a dredging application, both of which currently and adversely affect Weaver's Cove's ability to commence construction and operation of a liquefied natural gas ("LNG") marine terminal and storage facility on the Taunton River in Fall River, Massachusetts – a project that

has been conditionally approved by the FERC. Each determination is also beyond the Park Service's statutory jurisdiction under the WSRA, is in conflict with the record, and is not supported by substantial evidence in the record at the time of the determinations.

In contrast, federal defendants ("Interior") contend that the marine terminal near the mouth of the Taunton River ("Taunton River dredging project") proposed by plaintiffs would require substantial dredging and increases in vessel traffic near a major urban area. Two relevant federal statutes govern dredging projects that may affect either Wild and Scenic Rivers or other rivers and water bodies: the WSRA, 16 U.S.C § 1278(a), and the Fish and Wildlife Conservation Act, 16 U.S.C § 662(a)("FWCA"). Because these statutes do not impose mandatory duties on federal defendants ("Interior"), Interior could not have violated them. Further, defendants believe plaintiffs have not interposed a ripe claim under the Constitution and also lack constitutional standing for two reasons. First, this Court cannot rectify the commercial harm alleged by plaintiffs because, regardless of the Interior letters challenged in the complaint, the Taunton River dredging project will not receive necessary FERC, USACE, or State approval in the foreseeable future. As of 7 December 2007, the U.S. Coast Guard has rejected plaintiffs' water suitability assessment because plaintiffs' proposed terminal would not protect "navigation safety." Absent the Coast Guard's concurrence, plaintiffs cannot commence their dredging project because they cannot obtain (1) FERC's approval; (2) the COE's Section 404 permit; and (3) other necessary Section 401 CWA permits issued by the States of Massachusetts and Rhode Island. Second, the two Interior comment letters challenged by plaintiffs are not justiciable under the Administrative Procedure Act because they do not reflect final or inevitable federal decisions but, instead, are highly contingent on future decisions by FERC, USACE, and the Coast Guard that have not yet been and may never be made.

DC01:490445.4

Filed this 14th day of January, 2008

| | |
|---|---|
| /s/ Gregory D. Page<br>Gregory D. Page (Bar No. 398121)<br>U.S. Department of Justice<br>P.O. Box 663<br>Washington, D.C. 20004-0663<br>Tel: (202) 305-0446<br><br>Attorney for the Defendants | /s/ Jeffrey M. Bauer<br>Jeffrey M. Bauer (Bar No. 494284)<br>Bruce F. Kiely (Bar No. 223024)<br>Joshua Klein (Bar No. 489078)<br>BAKER BOTTS L.L.P.<br>1299 Pennsylvania Ave., N.W.<br>Washington, D.C. 20004-2400<br>jeffrey.bauer@bakerbotts.com<br>Tel: (202) 639-7721<br>Fax: (202) 585-4076 |

CERTIFICATE OF SERVICE

      I certify that on January 14, 2008, I caused a true and correct copy of this Notice of Appearance to be served on all parties by the Court's Electronic Case Filing (ECF) system.

January 14, 2008                      /s/ Jeffrey M. Bauer
                                            Jeffrey M. Bauer