UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WEAVER'S COVE ENERGY, LLC,<br>　　　Plaintiff,<br><br>　　　v.<br><br>U.S. DEPT. OF INTERIOR,　　*et al.*<br>　　　Defendants. | )<br>)<br>)<br>)<br>)　Civil Action No. 07-cv-1525(RBW)<br>)<br>)<br>)<br>) |

**PLAINTIFF WEAVER'S COVE ENERGY, LLC'S RESPONSE
TO DEFENDANTS' SHOWING OF CAUSE WHY ADMINISTRATIVE RECORD
SHOULD BE SUBMITTED ON 15 FEBRUARY 2008, NOT 2 FEBRUARY**

Plaintiff Weaver's Cove Energy, LLC ("Weaver's Cove") respectfully submits this response to Defendants' Showing of Cause Why Administrative Record Should Be Submitted on 15 February, Not 2 February (Dkt. No. 15) ("Defendants' Filing").

　　1.　**Response to Defendants' Arguments**

All parties agree that, if the Court determines it has jurisdiction, this Administrative Procedure Act case presumptively will be determined on the record. Defendants raise three arguments for why this court should permit them an extra two weeks' delay in delivering the administrative record to Weaver's Cove. All three arguments fail.

*First*, Defendants argue that the extra time is needed in order to include in the record voluminous documents that were generated "at least" up to December 7, 2007, in proceedings at the United States Coast Guard ("Coast Guard") culminating in a Coast Guard decision of that date. *See* Defendants' Filing, at 3. But that Coast Guard decision is not at issue. This lawsuit challenges two determinations by the Department of the Interior ("DOI"): (1) a July 5, 2005 decision by DOI and its National Park Service; and (2) a February 7, 2006, decision by DOI's Fish and Wildlife Service. *See* Compl. ¶¶ 4-6. The Complaint charges that *those* decisions were

- 2 -

contrary to law, against substantial evidence, and arbitrary and capricious. *See id.* ¶¶ 45-51, 54-62. Defendants' argument that the administrative record should be delayed so that Defendants can include documents generated at a *different* agency *22 months after* the decisions under review is unusual, to say the least.[1]

*Second*, Defendants argue that, particularly in view of the large number of Coast Guard documents through December 2007 that Defendants intend to include, the later deadline is needed to compile a computerized and Bates-stamped version of the record. But just as Weaver's Cove never asked Defendants to add to the record irrelevant documents postdating the decisions under review, so too Weaver's Cove never asked for Defendants to undertake the additional expense and delay of computerizing the record. What Weaver's Cove needs is speedy progression of this lawsuit, so that Defendants' illegal obstruction of Weaver's Cove's energy project will end. Of course, a Bates-stamped record would be of great convenience not only to the parties but also to the Court. But Defendants have not explained why that cannot be accomplished without delay, given that this lawsuit was filed nearly five months ago and given that the parties have been discussing the need for the record since mid-December.

*Third*, Defendants assert that the later deadline should be granted because Weaver's Cove waited until January 8-10 to inform Defendants that February 15 would be too late. *See*

---

[1] Weaver's Cove understands that Defendants plan to argue that the case should be dismissed because other agencies' actions, such as the Coast Guard's December 7, 2007 letter, render the suit (in Defendants' view) unripe and deprive Weaver's Cove of standing. But the record behind the Coast Guard's subsequent decisions has nothing to do with this Court's ability to decide the ripeness and standing of Weaver's Cove's challenges to DOI's actions. That is why Defendants themselves proposed to this Court that they file their jurisdictional motion to dismiss weeks before their production of the record. *See* Joint Meet and Confer Report, at 8 (Dkt. No. 12) (Defendants' Proposed Scheduling Order). The administrative record is for use in the merits-stage of the case, in which DOI's actions will be reviewed on the record DOI had before it when it made its decisions. At that point, the record developed at another agency, after the DOI decisions under review, will be simply irrelevant.

Defendants' Filing, at 4.  But Defendants do not tell the whole story.  During the weeks leading up to the Joint Report, the parties discussed various potential deadlines for the record, ranging from mid-January to February 8.[2]  The first proposal of anything as late as February 15 came as an undiscussed change in the Joint Statement draft that Defendants sent to Weaver's Cove at 9:50 p.m. on January 8.  Weaver's Cove promptly raised its objections to that change.

### 2. Weaver's Cove's Proposal

The Court need not at this time decide whether Defendants are correct to include in their record documents post-dating the agency actions under review.  The needs of all sides can be accommodated if Defendants, by February 2, produce to Weaver's Cove the documents constituting *the record relevant to each DOI agency as of the date of each agency action under review*.  That will allow Weaver's Cove to begin preparing its contemplated motion for summary judgment.  February 15 can be set as the deadline for Defendants to produce the voluminous Coast Guard documents postdating the challenged agency actions which they propose to add to the record.  Once those additional documents are received, the parties can discuss whether those documents belong in the record, and can bring any dispute to the Court if necessary.[3]

---

[2] In December, 2007, Weaver's Cove emailed Defendants' counsel suggesting that Defendants propose a record around January 17, which the parties could finalize by February 8.  On December 31, Defendants' counsel suggested that Defendants could submit a draft record to Weaver's Cove by the end of January.  Around 6 p.m. January 7, Defendants' counsel forwarded to Weaver's Cove a copy of an email that Defendants' counsel had written to his own client proposing February 8 as the day to produce the record.

[3] Weaver's Cove notes as well that Defendants' Filing contains significant errors in its discussion of other agencies' actions and orders with respect to the Weaver's Cove LNG terminal proposal.  Since those errors are not relevant to the deadline discussed in this filing, Weaver's Cove will save discussion of those orders for another day.  At this point, Weaver's Cove simply notes that it in no way concedes the accuracy of Defendants' characterizations.

- 4 -

                Respectfully submitted,

                /s/ Jeffrey M. Bauer
                Jeffrey M. Bauer (Bar No. 494284)
                Bruce F. Kiely (Bar No. 223024)
                Joshua Klein (Bar No. 489078)
                BAKER BOTTS L.L.P.
                1299 Pennsylvania Ave., N.W.
                Washington, D.C. 20004-2400
                jeffrey.bauer@bakerbotts.com
                Tel: (202) 639-7721
                Fax: (202) 585-4076

                *Attorneys for Plaintiff Weaver's Cove Energy, LLC*

January 22, 2008

CERTIFICATE OF SERVICE

      I certify that on January 22, 2008, I caused a true and correct copy of the foregoing to be served on counsel for all parties by the Court's Electronic Case Filing (ECF) system.

January 22, 2008                                  /s/ Jeffrey M. Bauer
                                                           Jeffrey M. Bauer